E-FILED
Monday, 23 November, 2026 08:44:41 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| **JACOB McCORKLE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:26-cv-01127-SEM** |
| | ) | |
| **RYAN BOHM *et al.*,** | ) | |
| **Defendants.** | ) | |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court for screening under 28 U.S.C. § 1915A is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff Jacob McCorkle, a Livingston County Jail ("Jail") detainee. Plaintiff has also filed a Motion for Counsel (Doc. 4).

The Court concludes that Plaintiff's pleading states a failure to protect claim but denies Plaintiff's Motion for Counsel, as Plaintiff has not satisfied his threshold burden.

## I. COMPLAINT

### A. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C.

§ 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Alleged Facts**

Plaintiff's Complaint alleges constitutional violations at the Livingston County Jail ("Jail") against the following Defendants: Sheriff Ryan Bohm, Administrator Lisa Draper, Corrections Officers Bergard and Galatine, and Livingston County ("County").

On February 21, 2026, Plaintiff told Defendant Bergard that another detainee had taken money from an elderly inmate. The next day, Plaintiff told Defendant Galatine about the stolen money. Sometime later, Bergard and Galatine arrived at the recreation area, where Plaintiff and the accused detainee were located. The detainee

refused Defendants' commands, became agitated, and began to attack Plaintiff.

Plaintiff claims that Defendants Bergard and Galatine remained at the entrance to the recreational area until after the attack stopped. They then tased the detainee, which caused him to fall into Plaintiff. Plaintiff suffered a broken nose, swollen right eye, and bruised ribs.

**C. Analysis**

"Incarcerated people have a clearly established right to be free from physical harm inflicted by others in the institution," and under § 1983, they may sue jail or prison staff who fail to protect them. *Kemp v. Fulton County*, 27 F.4th 491, 494 (7th Cir. 2022). A failure-to-protect claim brought by a pretrial detainee arises under the Fourteenth Amendment's Due Process Clause. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

"[T]o state a viable failure-to-protect claim under the Fourteenth Amendment, a pretrial detainee must allege: (1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable

available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries. *Id.*

Plaintiff's account is sufficient to state a Fourteenth Amendment failure to protect claim against Defendants Bergard and Galatine. However, Plaintiff fails to state plausible claims against Defendants Bohm, Draper, or the County.

Plaintiff claims that Defendants Bergard and Galatine are liable under the United States Supreme Court's decision in *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978) for their failure to train Defendants Bergard and Galatine on the proper techniques to protect an inmate. *See Sanville v. McCaughtry*, 266 F.3d 724, 739–40 (7th Cir. 2001) ("[F]ailure to train claims are usually maintained against municipalities, not against individuals ...." *Sanville v. McCaughtry*, 266 F.3d 724, 739–40 (7th Cir. 2001) (internal citations omitted); *see also Katz-Crank v. Haskett*, 843 F.3d 641, 647 (7th Cir. 2016) (concluding that federal claims against "state and county officials in

their official capacities . . . are the equivalent of claims against the state and county.”).

A failure-to-train claim is actionable only if the failure amounted to deliberate indifference to the rights of others. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Deliberate indifference exists where the defendant (1) failed “to provide adequate training in light of foreseeable consequences”; or (2) failed “to act in response to repeated complaints of constitutional violations by its officers.” *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1029–30 (7th Cir. 2006). A jail official who is “negligent in failing to ensure that the [j]ail’s training protocol [is] being implemented . . . is not enough to establish that he was deliberately indifferent to detainees’ rights.” *Miranda v. County of Lake*, 900 F.3d 335, 346 (7th Cir. 2018) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (requiring that “the failure to train reflect[] a conscious choice among alternatives”)).

To the extent Plaintiff alleges an official-capacity failure-to-train claim, his conclusory allegations are insufficient because he provides no facts that support such a finding. *See Suri v. Dart*, 2026 WL 102949, at *2 (N.D. Ill. 2026) (rejecting the plaintiff’s conclusory

allegations that the county sheriff failed to adequately train, supervise, and investigate employees concerning sexual assaults, where the plaintiff failed to allege facts identifying deficient training or a practice of ignoring assaults).

“Although Illinois sheriffs may be agents of their county, they are not subject to their county’s control.” *Martinez v. Hain*, No. 16-cv-2237, 2016 WL 7212501, at *4 (N.D. Ill. Dec. 13, 2016) (citing *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989) (“Cook County itself has no authority to train the employees involved or to set the policies under which [the sheriff’s employees] operate.”); *Moy v. County of Cook*, 640 N.E.2d 926, 929 (Ill. 1994) (“The county is given no authority to control the office of the sheriff.”)). “Accordingly, courts routinely dismiss *Monell* claims against counties predicated on alleged misconduct by the sheriff’s office.” *Martinez v. Hain*, No. 16-cv-2237, 2016 WL 7212501, at *4 (N.D. Ill. Dec. 13, 2016) (collecting cases).

Thus, Plaintiff does not state a claim against Livingston County.

## II. COUNSEL

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept pro bono appointments in civil cases. The Court can only ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's Motion for Counsel (Doc. 4) is denied because he has not satisfied his threshold burden of demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Counsel (Doc. 4) is DENIED.**

2) **According to the Court's Merit Review of Plaintiff's complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to allege failure to protect claims against Defendants Bergard and Galatine. Plaintiff's claim against Defendants proceeds in their individual capacities only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

3) **The Clerk of the Court is DIRECTED to terminate Ryan Bohm, Lisa Draper, and Livingston County as parties.**

4) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

5) **The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

6) **Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This**

**information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

**7) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. An answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.**

**8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will provide more detailed information about the discovery process.**

**9) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.**

**10) Plaintiff shall immediately notify the Court, in writing, of**

**any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.**

11) **If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

12) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

13) **The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED November 23, 2026.

s/ *Sue E. Myerscough*

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE